IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**TAVARES K. MIDDLEBROOKS,**

    **Petitioner,**

v.                                                       **Case No. 5:17-cv-04143**

**D.L. YOUNG, Warden,**
**FCI Beckley,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Tavares K. Middlebrooks' (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's § 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.  Petitioner's conviction.

On January 11, 2008, Petitioner pled guilty in the United States District Court for the Middle District of Georgia to one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). *United States v. Middlebrooks*, No. 5:07-cr-00018, ECF No. 72, 73

(M.D. Ga. Jan. 11, 2008). On April 10, 2008, Petitioner was sentenced to 210 months of imprisonment, followed by a three-year term of supervised release. His judgment was entered on April 15, 2008. *Id.*, ECF No. 82. Petitioner's sentence included an advisory guideline enhancement under USSG § 4B1.1 for being a career offender based upon two prior Georgia controlled substance offenses, which placed him at a guideline level of 32 with a criminal history category of VI.[1]

### B. Petitioner's prior post-conviction filings.

On January 12, 2009, Petitioner filed a motion to vacate, set aside, or correct sentence, which ultimately resulted in the agreed vacatur and reentry of his judgment for the purpose of allowing him to file a timely appeal. *Id.*, ECF Nos. 90, 105. On July 26, 2010, the Eleventh Circuit affirmed Petitioner's judgment. *United States v. Middlebrooks*, No. 09-14374 (11th Cir. Jul. 26, 2010) (docketed in his criminal case as ECF No. 126). Petitioner did not file a petition for a writ of certiorari in the Supreme Court.

On July 15, 2011, Petitioner filed another motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the sentencing court. *United States v. Middlebrooks*, No. 5:07-cr-00018, ECF No. 129 (M.D. Ga. July 15, 2011). That motion asserted that Petitioner's counsel provided ineffective assistance, resulting in an involuntary guilty plea, and a claim that the government breached the plea agreement by not filing a

---

[1] Section 4B1.1(a) of the guidelines provides that "A defendant is a career offender if (1) the defendant was at least 18 years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

2

substantial assistance motion. On August 6, 2013, the sentencing court denied Petitioner's § 2255 motion, and the Eleventh Circuit subsequently denied Petitioner a certificate of appealability. *Id.*, ECF Nos. 167, 178.

On June 27, 2016, Petitioner filed yet another § 2255 motion, which was denied as an unauthorized second or successive motion on January 4, 2017. *Id.*, ECF Nos. 180, 185. On July 19, 2017, the Eleventh Circuit denied Petitioner authorization to file a second or successive § 2255 motion. *Id.*, ECF No. 190.

### C. The instant petition for writ of habeas corpus.

On October 10, 2017, Petitioner, who was then incarcerated at the Federal Correctional Institution at Beckley, in Beaver, West Virginia,[2] filed the instant Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1) and memorandum in support thereof (ECF No. 2). The petition documents assert that Petitioner's prior Georgia conviction(s) for possession with intent to distribute cocaine does not qualify as a predicate offense for the career offender enhancement because the definition of "delivery" under the applicable Georgia statute is broader than the generic offense in the career offender guideline and, thus, does not categorically meet the elements of that definition.[3] In support of this claim, Petitioner relies on the Supreme Court's decisions in *United States v. Descamps*, 133 S. Ct. 2276 (2013), *Mellouli v. Lynch*, 135 S. Ct. 1980 (2015), and *Mathis v. United States*,

---

2  Petitioner is now incarcerated at FCI Ashland, in Ashland, Kentucky.
3  USSG § 4B1.2(b) defines "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(b) (U.S. SENTENCING COMM'N 2008).

136 S. Ct. 2243 (2016). Consequently, he contends that he does not meet the criteria for the career offender enhancement and must be resentenced without it.

Petitioner further claims that he is "actually innocent" of his career offender status and that the misapplication of the career offender enhancement to his sentence is plainly erroneous[4] and a miscarriage of justice. Thus, he contends that he is entitled to be resentenced to a lower guideline range without the career offender enhancement. Because it is apparent from the face of the petition that Petitioner is not entitled to any collateral relief thereon, the undersigned has not required the respondent to respond to the petition.

## ANALYSIS

### A. Petitioner is not entitled to relief under section 2241.

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which his sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Middle District of Georgia. Normally, a § 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court. However, Petitioner has already unsuccessfully filed a § 2255 motion. Thus, he would likely be procedurally barred from filing another § 2255 motion without authorization from the Eleventh Circuit under very limited circumstances. *See* 28 U.S.C. § 2255(h).

---

4  Petitioner improperly relies upon the plain error standard applicable on direct review. Moreover, he has not demonstrated that he is not guilty of his federal controlled substance offense, and his assertion of "actual innocence" is not applicable to a sentencing enhancement. Nonetheless, the undersigned will address Petitioner's claim that his enhanced sentence results in a miscarriage of justice *infra*.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332. Thus, the fact that Petitioner's prior § 2255 motions were denied, standing alone, will not permit this court to review his claim under § 2241.

Accordingly, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue such relief under § 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under section 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). Although *Wheeler* was decided after Petitioner filed this petition, it is the current governing authority for his claim.

Here, Petitioner essentially contends that the decisions in *Descamps*, *Mellouli*, and *Mathis*,[5] and several circuit court cases applying those decisions on direct appeal, are new interpretations of statutory law, issued after his opportunity to file a direct appeal and a timely § 2255 motion and, therefore, § 2255 is inadequate or ineffective to test the legality of his detention. Specifically, Petitioner contends that the statute governing his prior Georgia controlled substance conviction is divisible and contains elements that are broader than the definition of a controlled substance offense in the career offender guideline, USSG § 4B1.2(b). Thus, he contends that crime cannot be used as a predicate offense and he does not satisfy the criteria for career offender status.

Although Petitioner appears to be asserting that there has been an intervening change in substantive law that retroactively affects his case, the cases upon which he relies in his petition involve a purely procedural rule that has not been made retroactive on collateral review. The Fourth Circuit has specifically found that

---

5 In *Descamps* and *Mathis*, both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches in determining whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the Armed Career Criminal Act. The Court made it clear that these decisions were dictated by, and mere clarifications of, prior case law. In *Mellouli*, using those same principles, the Court determined that a misdemeanor drug crime under Kansas law did not qualify as a controlled substance offense that would subject an alien to removal under 8 U.S.C. § 1227.

> *Descamps* and *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements.

*Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018); s*ee also Adams v. Coakley*, No. 1:17-cv-180, 2019 WL 3428549, at *2 (N.D. W. Va. July 30, 2019) (collecting cases finding that *Mathis* is not retroactively applicable on collateral review); *Copeland v. Kassell*, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming dismissal of § 2241 petition because *Mathis* does not apply retroactively).

Rather, those cases set forth "a procedural rule that has not been made retroactive on collateral review." *Adams*, 2019 WL 3428549, at *2; *Smalls v. Warden, FMC Butner*, No. 5:17-HC-2117-FL, 2019 WL 722571, * 3 (E.D.N.C. Feb. 20, 2019) (finding § 2241 petitioner could not meet second prong of *Wheeler* standard because *Descamps* and *Mathis* are not substantive decisions that are retroactive on collateral review). In fact, in *United States v. Hemingway*, 734 F.3d 323, 329 (4th Cir. 2013), the Court recognized that *Descamps* "underscored the validity of the divisibility analysis that our Court had already employed." *See also Kane v. United States*, No. 1:19-cv-238-MR, 2020 WL 1848062, *3 (W.D.N.C. Apr. 13, 2020) (dismissing § 2241 petition based upon *Descamps* and *Mathis* finding that such decisions do not represent a substantive change in law).

Courts within the Eleventh Circuit, the circuit in which Petitioner was convicted and sentenced, have similarly found that *Mathis* and *Descamps* are not retroactive on collateral review. *See, e.g., Farley v. United States,* No. 17-13250-F, 2018 WL 7050478, at *2 (11th Cir. Nov. 1, 2018); *In re Hires,* 825 F.3d 1297, 1303 (11th Cir. 2016); *Perez v. United States*, No. 16-22379-CIV, 2016 WL 6996150, at *3 (S.D. Fla. Nov. 28, 2016);

*Leone v. United States*, 203 F. Supp. 3d 1167 (S.D. Fla. 2016) (*Mathis* and *Descamps* do not announce a new rule and are not retroactive on collateral review). Thus, these cases do not represent a change in substantive law that would apply retroactively on collateral review. Accordingly, Petitioner cannot meet the second prong of the *Wheeler* test.

Moreover, even if Petitioner could satisfy the second prong of *Wheeler*, and by extension, the third prong, he cannot satisfy the fourth prong, which requires a showing that, due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. *See Lester v. Flournoy*, 909 F.3d 708, 715 (4th Cir. 2018). In *Lester*, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-*Booker*, when the United States Sentencing Guidelines ("Guidelines") were mandatory. *Id*. at 714.

However, the *Lester* Court explicitly noted that, had Lester's career offender misclassification occurred under the post-*Booker*, <u>advisory</u> Guidelines, which "lack legal force," his petition would have been barred as failing to meet the fourth *Wheeler* prong. *Id*. at 715 ("*Foote*[6] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). The court found that "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." *Id*. Rather, under the advisory Guidelines, "the district court not only ha[s] discretion to decide

---

6  In *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit addressed whether a claim that the defendant was misclassified as a career offender under the advisory Guidelines was cognizable under § 2255. The *Foote* Court concluded that such a claim was not cognizable under § 2255. 784 F.3d at 932. The court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. at 936 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The *Foote* Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. *Id*. at 940, 944.

8

whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." *Id*. The *Lester* Court further recognized that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." *Id*. at 716. Because Petitioner was sentenced under the post-*Booker*, advisory Guidelines, even if the career offender guideline was misapplied, the law in this Circuit makes clear that he cannot satisfy the fourth *Wheeler* prong, and, therefore, he fails to satisfy the § 2255(e) savings clause.

Furthermore, as noted above, the savings clause contained in § 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of § 2255 and will not permit review of Petitioner's claim by this court under § 2241. A claim that Petitioner's prior drug conviction was not properly used to enhance his sentence under the career offender guideline was available to him at the time that he could have filed a direct appeal and when he filed his prior § 2255 motion. In light of the fact that Petitioner has already unsuccessfully challenged his sentence in a prior § 2255 motion, he is likely barred from pursuing such a claim now. While this court could construe Petitioner's petition as a § 2255 motion and transfer it to his sentencing court, such action would be futile because the motion would be another unauthorized second or successive motion.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241.

Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claim contained in his § 2241 petition.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Volk.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

May 29, 2020

Dwane L. Tinsley
United States Magistrate Judge